UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MOHAMMED ALI,<br><br>Plaintiff(s),<br>v.<br><br>KRISTI NOEM, et al.,<br><br>Defendant(s). | CASE NO. C26-0868-KKE<br><br>ORDER GRANTING MOTION TO DISMISS |

Plaintiff Mohammed Ali is stateless and currently resides in King County, Washington. Dkt. No. 1 ¶ 6. In April 2023, Ali filed a Form I-589 Application for Asylum and Withholding of Removal. *Id.* In May 2023, Ali completed the required biometrics appointment, yet United States Citizenship and Immigration Services ("USCIS") has not adjudicated Ali's application, despite Ali's repeated requests for action. *Id.* ¶¶ 13, 17.

Ali filed this lawsuit in March 2026 against the USCIS Director; the Secretary of the U.S. Department of Homeland Security; the Acting Associate Director of Refugee, Asylum Operations Directorate within the USCIS Asylum Offices; and the U.S. Attorney General (collectively "the Government"). Dkt. No. 1 ¶¶ 7–10. Ali alleges that the Government's failure to promptly adjudicate his asylum application violates the Administrative Procedure Act ("APA"). *Id.* ¶¶ 24–32. Ali seeks a writ of mandamus to end USCIS's unreasonable delay. *Id.* ¶¶ 3, 11.

The Government moved to dismiss, arguing that there is no private right of action to enforce a timing deadline with respect to asylum application adjudication and, in the alternative, that Ali has not stated a claim of unreasonable delay. Dkt. No. 8. The Government's first argument has been rejected by most district courts in this Circuit, and the Court will deny the Government's motion to dismiss to the extent it argues that Ali cannot challenge the Government's failure to adjudicate his asylum application. The Court does, however, find that Ali has failed to state a claim of unreasonable delay. The Court will therefore grant the Government's motion and dismiss the complaint without prejudice.

## I. ANALYSIS

In evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court examines the complaint to determine whether, if the facts alleged are true, plaintiff has stated "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if plaintiff has pleaded "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

The INA vests the Attorney General with discretion to establish procedures for considering asylum applications. *See* 8 U.S.C. § 1158(d)(1). The INA also prescribes guidelines for those procedures, and specifically provides that, "in the absence of exceptional circumstances, the initial interview or hearing on the asylum application shall commence not later than 45 days after the date an application is filed" and that, "in the absence of exceptional circumstances, final administrative adjudication ... shall be completed within 180 days after the date an application is filed[.]" 8 U.S.C. § 1158(d)(5)(A)(ii)–(iii). The INA does not, however, endow applicants with

"any substantive or procedural right" or private right of action to enforce those guidelines against the United States or its agencies. 8 U.S.C. § 1158(d)(7).

Even so, district courts throughout this circuit recognize that a plaintiff may maintain an APA claim against the Government asking the Court to review whether the agency unreasonably delayed adjudication of an application. *See, e.g.*, *Vooda v. Edlow*, No. 2:25-cv-02668-JNW, 2026 WL 1846661, at *2–3 (W.D. Wash. June 26, 2026); *Gogate v. Edlow*, No. 8:25-cv-02558-DOC-KES, 2026 WL 1658512, at *3–4 (C.D. Cal. June 5, 2026); *Concepion v. Mullin*, No.: 25-cv-03221-DMS-MMP, 2026 WL 1388761, at *8 n.7 (S.D. Cal. May 18, 2026); *Pimpalkhute v. Edlow*, No. 25-cv-2433-BJR, 2026 WL 1283512, at *2–4 (W.D. Wash. May 11, 2026); *Garcia v. Noem*, No. 3:25-cv-06008-DGE, 2025 WL 3237502, at *3 (W.D. Wash. Nov. 20, 2025); *Charyeva3 v. Mayorkas*, C23-1977-RAJ-SKV, 2025 WL 2800123, at *8–9 (W.D. Wash. June 26, 2025), *R&R adopted*, 2025 WL 2799571 (W.D. Wash. Sep. 30, 2025). As the Government itself acknowledges, it is obligated to adjudicate Ali's application (Dkt. No. 16 at 3), and the Court finds that a claim for unreasonable delay in adjudication is cognizable under the APA.

Having rejected the Government's first ground for dismissal, the Court now considers the Government's second argument: that Ali has not pleaded sufficient facts to state a plausible claim of unreasonable delay. Dkt. No. 8 at 4–10. To determine whether an agency's delay is unreasonable, courts in the Ninth Circuit apply a six-factor test known as the "*TRAC* test" because it was first articulated in *Telecommunications Research and Action Center v. Federal Communications Commission* ("*TRAC*"). *In re Pesticide Action Network N. Am.*, 798 F.3d 809, 813 (9th Cir. 2015) (citing 750 F.2d 70 (D.C. Cir. 1984)). In the immigration context, the six *TRAC* factors are "grouped into four basic inquiries":

> First, is there any rhyme or reason—congressionally prescribed or otherwise—for [an agency]'s delay (factors one and two)? Second, what are the consequences of delay if the Court does not compel the [agency] to act (factors three and five)?

> [Third], how might forcing the agency to act thwart its ability to address other priorities (factor four)? Finally, is the delay intentional or due to any impropriety on the part of the agency (factor six)?

*Infracost Inc. v. Blinken*, 732 F. Supp. 3d 1240, 1254 (S.D. Cal. 2024) (quoting *Sawahreh v. U.S. Dep't of State*, 630 F. Supp. 3d 155, 161 (D.D.C. 2022)).

As to the first inquiry, the Court considers the length of delay in light of any established time limits and the reason for any delay. At this point, the length of delay is approximately 3.5 years, and this length of time has been found not unreasonable. *See, e.g.*, *Garas v. Noem*, No. 8:25-cv-01756-FWS-JDE, 2025 WL 3650184, at *4 (C.D. Cal. Dec. 5, 2025) (finding a five-year delay not unreasonable); *Charyeva3*, 2025 WL 2800123, at *10–11 (finding a delay of less than 4.5 years not unreasonable); *Singh v. Bardini*, No. 2:22-CV-01027-JAM-DB, 2023 WL 4669864, at *2 (E.D. Cal. July 20, 2023) (finding a delay of "a little more than four years" not unreasonable). Courts "routinely" conclude that the last-in-first-out system the Government uses for processing asylum application is a rule of reason. *Singh*, 2023 WL 4669864, at *2. Ali contends that his situation is more precarious than other waiting applicants because he is stateless and thus cannot visit his mother, who lives abroad and has a terminal illness. Dkt. No. 15 at 12. The Court is certainly sympathetic to Ali's circumstances, but the Court's inquiry at this stage focuses on the reason for the delay. As Ali has cited no facts or authority suggesting that the Government is not complying with a rule of reason in processing his asylum application, and has failed to allege facts suggesting that the length of his delay is *per se* unreasonable, the Court finds that the first set of *TRAC* factors weighs in the Government's favor.

The second inquiry requires the Court to consider the impact of the adjudication delay on Ali. He alleges hardships related to his fear or being persecuted, tortured, or killed if he must return to his previous country of residence, along with his inability to travel abroad to visit his sick family member. Dkt. No. 1 ¶ 22 & n.1. Ali has not alleged, however, that he cannot remain in the

United States while his application is pending, and asylum applicants may apply for travel authorization.[1] *See* Dkt. No. 8 at 8. While the Court has no reason to doubt that Ali has been emotionally impacted by the uncertainty of a pending application, these types of impacts are felt by many asylum applicants and do not warrant a finding of unreasonable delay based on "human health and welfare." *See Su v. Mayorkas*, 698 F. Supp. 3d 1168, 1178–79 (N.D. Cal. 2023). This inquiry thus favors neither Ali nor the Government.

The Court has limited information relevant to the third inquiry: impact on agency priorities if the Government is forced to adjudicate Ali's application. The complaint does not address this point. The Government argues that expediting adjudication of Ali's application "would only prioritize him at the expense of many similarly situated applications for asylum." Dkt. No. 8 at 9. In his opposition brief, Ali again highlights his particular vulnerability as a stateless individual, which makes his circumstances "distinct from those of other applicants awaiting adjudication." Dkt. No. 15 at 16. Ali does not allege, however, that the challenge of his statelessness would be entirely resolved by the Government's adjudication of his asylum application dispute, nor does he allege that prioritizing his application would not delay adjudication of other applications. "[W]here an agency's progress on one individual's application would necessarily negatively impact another application, courts have held that plaintiffs' recourse is with Congress, not the courts." *Liu v. Denayer*, No. CV 21-6653 DMG (MRWx), 2022 WL 17370527, at *5 (C.D. Cal. July 18, 2022). Thus, this inquiry weighs in the Government's favor. *See Singh*, 2023 WL 4669864, at *3 (explaining that compelling the government to adjudicate plaintiff's asylum application "simply moves [him] to the front of the line at the expense of all other applicants who

[1] Ali's opposition brief notes that he lacks any passport as a stateless individual (Dkt. No. 15 at 14–15), which may complicate his efforts to travel internationally. But that complication stems more directly from his statelessness and may not be resolved even if the Government adjudicated his application. Because this part of the *TRAC* analysis directs the Court to focus on the impact of the delay in adjudication, the Court is not persuaded that these hardships weigh in Ali's favor for purposes of this test.

may not have filed an application for mandamus relief" (quoting *Varol v. Radel*, 420 F. Supp. 3d 1089, 1098 (S.D. Cal. 2019))).

Finally, for the fourth inquiry, the parties agree that this factor is not applicable. Dkt. No. 16 at 4.

In sum, because the applicable *TRAC* factors either favor the Government or are neutral, the Court finds that Ali has failed to state a plausible claim for relief under the APA. *See, e.g.*, *Singh*, 2023 WL 4669864, at *3.

Accordingly, although the Court does not take lightly the impact of this delay on Ali, for the reasons stated above, the Court will nonetheless grant the Government's motion to dismiss. The Court will not grant leave to amend, as there is no indication that additional facts would change the outcome. But the Court dismisses the case without prejudice "because additional delay could at some point ripen into an unreasonable delay[.]" *Aghchay v. U.S. Dep't of State*, No. CV 22-5708 PA (PVCx), 2022 WL 19569516, at *3 (C.D. Cal. Dec. 20, 2022). As recognized by other district courts in similar circumstances, "[t]hough judicial intervention is not warranted at this juncture, the Court's calculus could change if the delay continues for a more extended period." *Infracost*, 732 F. Supp. 3d at 1258.

## II. CONCLUSION

For these reasons, the Court GRANTS the Government's motion to dismiss for failure to state a claim. Dkt. No. 8.

Dated this 14th day of October, 2026.

Kymberly K. Evanson
United States District Judge